IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NJOKU SAMUEL OGBONNAYA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 6:24-CV-03298-MDH |
| CLIFTON SMART, President of Missouri State University, et al., | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendants' Motion to Dismiss (Doc. 21) and Plaintiff's Motion for Reconsideration (Doc. 23).

Plaintiff filed a *pro se* complaint on October 25, 2024 against Clifton Smart, President of Missouri State University and the Board of Governors, Governing Board of Missouri State University. Plaintiff's complaint alleges claims based on First Amendment right to free speech, right to petition, right to life, Freedom to Exist, Right to privacy and rights to Freedom from Retaliation; the Fourteenth Amendment Rights of Equal Protection Clause (Discrimination and Harassment); Negligence; Breach of Contract. (Doc. 1, p. 3).

Plaintiff's allegations are difficult to comprehend but appear to arise out of Plaintiff's completion of a graduation survey in 2019. Plaintiff alleges that after he completed the graduation survey he has been continually harassed, including allegations of sexual abuse and the killing of his sister's child. (Doc. 1, p. 5). Plaintiff alleges that MSU faculty (who are not named defendants) have retaliated against him causing a long of list of bizarre allegations, including but not limited to, his sister's children being attacked "even in their testicles;" and that this "attack" is ongoing and three professors continue to enter his apartment to harass and sexually assault him, and that

they also "move food [he] placed on [the] table to eat, open food pots, close doors, [and] set off fire alarms." Plaintiff further alleges that he has made several reports to MSU regarding these events, but MSU has not stopped the professors from harming him. Plaintiff seeks over $100 trillion in damages.

Defendants have moved to dismiss Plaintiff's Complaint. Defendants argue sovereign immunity applies to Plaintiff's claims for monetary damages and should be dismissed. Plaintiff has sued Defendants in their official capacities and as a result Missouri State is a public university and entitled to Missouri's Eleventh Amendment sovereign immunity. The Court agrees for the reasons set forth by Defendants that Plaintiff has failed to state a claim and that immunity applies.

As set forth by Defendants, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. 11. The "significance of the Amendment lies in its affirmation that the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III of the Constitution." *Welch v. Texas Dept. of Highways and Pub. Transp.*, 483 U.S. 468, 472 (1987) (internal citations and quotations omitted). "[S]overeign immunity … is a jurisdictional threshold matter, and presents a jurisdictional question that may be raised at any time." *Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014) (internal citations and quotations omitted). The Supreme Court has consistently held that "a state cannot be sued by a citizen of another state, or a foreign state, on the mere ground that the case is one arising under the constitution or laws of the United States." *Hans v. Louisiana*, 134 U.S. 1, 10 (1890). "[T]he Eleventh Amendment prohibits federal-court lawsuits seeking monetary damages from individual state officers in their official capacities because such lawsuits are

essentially 'for the recovery of money from the state.'" *Treleven v. University of Minnesota*, 73 F.3d 816, 818 (8th Cir. 1996).

The Eighth Circuit has noted that "State universities and colleges almost always enjoy Eleventh Amendment immunity." *Becker v. University of Nebraska*, 191 F.3d 904, 909 (8th Cir. 1999) (quoting *Hadley v. North Arkansas Comty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996)). At least one federal court previously has concluded that MSU is an arm or agency of the State of Missouri and that it shares in Missouri's sovereign immunity under the Eleventh Amendment. See *Reed v. Southwest Missouri State Univ.*, ECF No. 12, 01-cv-3634 (W.D. Mo. Feb. 5, 2002).

Here, Plaintiff's Complaint brings claims against MSU's former President and Board of Governors in their official capacities only, meaning MSU is the party in interest in this matter. The Court finds immunity applies and Plaintiff's claims are barred. Further, Mr. Smart is no longer the president of the university.

Further, even if immunity did not apply, which this Court finds does apply for the reasons set forth herein, Defendants raise several other arguments as to why Plaintiff's claims should be dismissed. The Court finds it unnecessary to discuss each of those arguments for purposes of this Order, but finds the arguments set forth in Defendant's motion are well taken and provide further support for the dismissal of Plaintiff's Complaint.

Wherefore, analyzing Plaintiff's pro se Complaint in a light most favorable to Plaintiff, the Court **GRANTS** Defendants' Motion to Dismiss. Plaintiff's complaint is hereby dismissed. In addition, Plaintiff "Motions the Court to Recognize the Established Law on this Case before the Case was Transferred to a New Judge and Reconsider ECF 19 and ECF 20." This motion is **DENIED.** ECF 19 is the Rule 16 notice in this case and ECF 20 is an order denying Plaintiff's motion for default judgment. The Court finds no basis to reconsider either document.

3

**IT IS SO ORDERED.**

Date: March 24, 2025

                                                  _/s/ Douglas Harpool_
                                                  DOUGLAS HARPOOL
                                                  UNITED STATES DISTRICT JUDGE